Matthew A. Haulk (SBN 272457)
    Email: mhaulk@hhemploymentlaw.com
Jose M. Herrera (SBN 289590)
    Email: jherrera@hhemploymentlaw.com
Stephanie Greenberg (SBN 324335)
    Email: sgreenberg@hhemploymentlaw.com
HAULK & HERRERA LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:    (415) 745-3219
Facsimile:    (415) 745-3301

Attorneys for Plaintiff
JANE DOE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>                         Plaintiff,<br><br>         vs.<br><br><br>TODD BLANCHE, Attorney General of the United States, in his official capacity<br><br>                         Defendant. | CASE NO.:<br><br>**EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM PRIOR TO FILING COMPLAINT**<br><br>(Declarations of Matthew Haulk and Jane Doe, Administrative Motion to File Under Seal, and [Proposed] Order filed concurrently herewith) |

TO THE COURT AND THE CLERK:

Proposed Plaintiff Jane Doe respectfully submits this *Ex Parte* Motion for Leave to Proceed Under Pseudonym prior to filing her Complaint. This motion is made pursuant to Federal Rule of Civil Procedure 10(a), Civil Local Rules 7-10 and 79-5, and the Court's inherent authority.

Proposed Plaintiff seeks permission to file her Complaint under the pseudonym "Jane Doe" without public disclosure of her identity at any stage of initial docketing.

## I.    RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant the following relief, effective immediately and prior to the filing of the Complaint:

1

EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM PRIOR TO FILING COMPLAINT

1.      Authorization to Proceed Under Pseudonym;

2.      An order permitting Plaintiff to initiate and prosecute this action under the pseudonym "Jane Doe" in all public filings, docket entries, court orders, and electronic case management systems;

3.      An order directing that Plaintiff's true name not appear on the public docket at any stage of this proceeding;

4.      An order directing the Clerk of Court to accept all filings in this matter under the pseudonym "Jane Doe" without requiring public disclosure or correction of Plaintiff's identity upon initial filing;

5.      An order permitting Plaintiff to lodge her Complaint and all initiating documents under seal prior to formal docketing, pending resolution of this motion;

6.      An order directing that no initiating document containing Plaintiff's true identity be publicly accessible on PACER or any electronic case filing system;

7.      An order authorizing sealing of all documents, excerpts, and attachments that contain or could reasonably reveal Plaintiff's identity, including but not limited to: a. Plaintiff's name; b. identifying employment information not already public; c. any administrative EEO filings containing Plaintiff's identity; and d. any correspondence or records submitted in support of this motion;

8.      An order permitting Plaintiff to file redacted versions of all documents for the public record using the pseudonym "Jane Doe."

9.      An order requiring that all future filings, motions, orders, and docket entries in this matter refer exclusively to Plaintiff as "Jane Doe," unless otherwise ordered by the Court;

10.      An order requiring that any sealed materials remain under seal unless and until further order of the Court following a noticed motion under Civil Local Rule 79-5.

11.      An order permitting service of initiating documents without disclosure of Plaintiff's true name in publicly accessible filings, while allowing Defendant access to Plaintiff's identity under conditions the Court deems appropriate.

12.      Such other and further relief as the Court deems just and proper to effectuate the

2

purpose of preserving Plaintiff's anonymity while ensuring fair adjudication of this action.

## II.    BASIS FOR EX PARTE RELIEF

This motion is properly brought *ex parte* because immediate judicial action is required prior to the filing of the Complaint in order to prevent irreparable harm that would occur at the moment of public filing.

### A.    Immediate Risk of Irreparable Harm Upon Filing

Absent a pre-filing order from the Court, Plaintiff's identity will be automatically disclosed upon electronic filing of the Complaint in the Court's CM/ECF system. Once entered, Plaintiff's name would be:

1.    Immediately searchable on PACER and other public docket systems;

2.    Disseminated through automated legal databases and public reporting tools;

3.    Accessible without restriction before any motion for anonymity could be heard.

Because the disclosure would occur simultaneously with filing, there is no meaningful opportunity for Plaintiff to seek relief through a standard noticed motion before the harm occurs.

### B.    Nature of the Harm is Immediate, Non-Remediable, and Permanent

The harm from disclosure is not speculative or correctable after the fact. Once Plaintiff's identity is publicly associated with the allegations in this action, the resulting harm would be:

1.    Permanent reputational injury within federal law enforcement;

2.    Professional stigma affecting assignments, investigations, and career advancement;

3.    Exposure to workplace retaliation or ostracization;

4.    Irreversible dissemination through public and semi-public legal databases; and

5.    Emotional and psychological harm resulting from public identification in connection with sensitive sexual misconduct allegations.

Post-filing sealing or anonymization cannot undo public dissemination once it occurs.

### C.    Pre-Filing Nature of the Request Necessitates Ex Parte Treatment

This motion is brought prior to filing because:

1.    No Complaint has yet been docketed;

2.    Plaintiff seeks to ensure anonymity is in place at the moment of filing, not after

3

public disclosure has occurred; and

3.      A noticed motion would necessarily require initial filing under Plaintiff's true name, defeating the purpose of the requested relief.

Accordingly, *ex parte* relief is the only procedural mechanism that preserves the status quo until the Court can adjudicate Plaintiff's request.

**D.      Notice to Defendant is Not Feasible and Not Required at This Stage**

Notice to Defendant is not feasible because: 1. No civil action has yet been initiated or assigned a case number; 2. No defendant has been served or appeared; and 3. Plaintiff seeks judicial authorization prior to initiating litigation.

Requiring notice at this stage would effectively require disclosure of the very identity Plaintiff seeks to protect, thereby defeating the purpose of this motion.

**E.      Narrow Tailoring and Minimal Burden on the Court**

The relief requested is narrowly tailored to: 1. Permit use of a pseudonym in public filings only; 2. Preserve Defendant's ability to access Plaintiff's identity under appropriate confidentiality protections; and 3. Maintain full adjudication of all substantive claims without impairment.

The request imposes minimal administrative burden on the Court and Clerk, while preventing disproportionate harm to Plaintiff.

**F.      Consistency with Ninth Circuit Authority**

Courts in this Circuit recognize that pseudonym protection is appropriate where disclosure would expose a litigant to serious harm, embarrassment, retaliation, or professional disadvantage, particularly where sensitive personal or sexual allegations are involved. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000).

Because Plaintiff will suffer immediate and irreparable harm at the moment of filing absent prior judicial authorization, and because no alternative procedural mechanism can prevent that harm, *ex parte* relief is necessary and appropriate under Civil Local Rule 7-10.

**III.    FACTUAL BASIS**

Plaintiff is a Special Agent employed by the Federal Bureau of Investigation ("FBI"), assigned to the San Francisco Field Office, San Jose Resident Agency.

EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM PRIOR TO FILING COMPLAINT

This motion arises from anticipated federal-sector Title VII claims stemming from a sustained pattern of sex-based harassment, retaliation, and disparate treatment occurring within Plaintiff's chain of command and work environment.

### A.    Work Context and Relationship of Parties

Plaintiff began employment as a Special Agent on April 10, 2022. During the relevant period, Plaintiff worked in a male-dominated operational squad environment in which she was the only female agent assigned to her unit.

Special Agents 1 ("SA 1") and Special Agent 2 ("SA 2") were senior members of the same operational environment and exercised influence over Plaintiff's assignments, training, and professional opportunities.

### B.    Initial Incident During 2023 Work Conference

On or about August 14–16, 2023, Plaintiff attended a mandatory work conference in Colorado with SA 1 and SA 2. During this period: 1. SA 1 invited Plaintiff to meet him and SA 2 at a bar prior to her checking into her hotel; 2. at the bar, SA 1 and SA 2 provided Plaintiff with alcoholic beverages and encouraged continued consumption over an extended period, resulting in visible intoxication; 3. while Plaintiff was in an impaired state, SA 1 and SA 2 made sexualized and humiliating remarks about Plaintiff's professional and purported personal relationships, including false insinuations involving a supervisory agent; and 4. the comments caused Plaintiff significant distress and professional embarrassment within her own chain of command context.

Following the evening, SA 2 later invited Plaintiff to his hotel room via text message, which Plaintiff declined.

### C.    Sexualized Conduct and Requests for Explicit Material

During the same conference period: 1. SA 2 requested that Plaintiff send him a nude photograph via text message; 2. Plaintiff expressly refused this request; 3. on a subsequent evening involving a group outing, SA 2 again provided Plaintiff with alcohol until she was visibly intoxicated; 4. SA 2 repeated requests for explicit images, which Plaintiff again refused; and 5. Plaintiff later learned that SA 2 entered her hotel room while she was incapacitated.

On information and belief, Plaintiff alleges inappropriate sexual conduct occurred while she

5

EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM PRIOR TO FILING COMPLAINT

lacked awareness or memory of the events.

### D.    Ongoing Workplace Harassment After Return

Following Plaintiff's return to duty in approximately September 2023: 1. SA 2 and SA 1 engaged in ongoing conduct including ridicule, exclusion, and belittling behavior in the workplace; 2. Plaintiff was subjected to repeated eyerolling, dismissive treatment, and exclusion from routine squad interactions; and 3. SA 2 and SA 1 further engaged in spreading false rumors suggesting Plaintiff was involved in sexual relationships with coworkers and supervisory personnel.

### E.    Escalation and Retaliation After Protected Reporting

In or around June 2024, Plaintiff learned that SA 2 and SA 1 had made false statements to other personnel suggesting inappropriate relationships between Plaintiff and Special Agent 4 ("SA 4").

After Plaintiff reported the conduct through supervisory channels: 1. Plaintiff reported the harassment to supervisory personnel, including supervisory and management officials within her chain of command; 2. Plaintiff experienced increased exclusion from meetings, case updates, and investigative assignments; 3. Plaintiff was removed from opportunities critical to career advancement; 4. Supervisory personnel minimized Plaintiff's complaints and advised her to tolerate or "let it go"; and 5. Plaintiff was ultimately reassigned out of her squad following her protected activity.

### F.    Continuing Hostile Environment

Even after reporting: 1. Plaintiff remained subject to continued exclusion from group activities and operational communications; 2. Plaintiff experienced disparate treatment compared to similarly situated male agents, including denial of case participation and professional development opportunities; and 3. the conduct contributed to a continuing hostile work environment that materially altered the conditions of Plaintiff's employment.

Plaintiff provides this factual summary solely to establish the necessity of pre-filing anonymity. Plaintiff does not seek adjudication of the merits of her Title VII claims in this motion.

The purpose of this motion is limited to preventing immediate disclosure of Plaintiff's identity at the moment of filing, where such disclosure would cause irreparable professional and

6

personal harm.

## IV.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 10(a)

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all parties. This rule reflects the general presumption of openness in judicial proceedings.

However, Rule 10(a) is not absolute. Courts retain discretion to permit litigation under pseudonym in appropriate circumstances where countervailing privacy interests outweigh the public interest in disclosure.

### B.    Ninth Circuit Standard Governing Pseudonymity

The United States Court of Appeals for the Ninth Circuit has expressly recognized that anonymity may be permitted where "special circumstances" justify departure from the normal rule of public identification.

In *Does I thru XXIII v. Advanced Textile Corp*. 214 F.3d 1058, 1068 (9th Cir. 2000), the Ninth Circuit held that courts must balance a plaintiff's need for anonymity against prejudice to the opposing party and the public interest in open judicial proceedings. The Ninth Circuit identified relevant considerations including: 1. The severity of the threatened harm to the plaintiff; 2. The reasonableness of the plaintiff's fears of harm; 3. The plaintiff's vulnerability to retaliation or harm; 4. The prejudice to the opposing party if anonymity is granted; and 5. The public interest in open proceedings. *Id.* at 1068–69.

The Ninth Circuit has further recognized that pseudonymity is appropriate in cases involving highly sensitive or personal matters, including allegations that would expose litigants to embarrassment, harassment, professional harm, or retaliation if their identity were disclosed.

Courts within this Circuit routinely apply a flexible balancing approach, weighing the need for anonymity against any potential prejudice and the public's interest in access to judicial proceedings.

This case meets the Ninth Circuit's governing standard for pseudonymity because Plaintiff faces a substantial and concrete risk of professional, reputational, and retaliatory harm if her identity is disclosed

EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM PRIOR TO FILING COMPLAINT

**C.      Ex Parte Relief Standard (Civil L.R. 7-10)**

Under Civil Local Rule 7-10, *ex parte* relief is appropriate where: 1. Immediate and irreparable harm will occur before the opposing party can be heard; 2. Notice is impracticable or would defeat the purpose of the relief requested; and 3. The relief sought is narrowly tailored to preserve the status quo pending adjudication on the merits.

Where, as here, a motion is brought prior to the filing of a complaint, courts may exercise inherent authority to issue orders necessary to prevent irreparable harm that would occur at the moment of filing. This includes circumstances where: 1. The harm would occur immediately upon electronic docketing; 2. Post-filing sealing or anonymity cannot undo public disclosure; and 3. No alternative procedural mechanism can prevent disclosure at the time of filing.

*Ex parte* relief is warranted because disclosure of Plaintiff's identity will occur automatically and irreparably at the moment of electronic filing, leaving no meaningful opportunity for noticed relief before the harm occurs. Notice is impracticable and would defeat the purpose of the motion, as the requested relief must be in place prior to docketing to prevent immediate and irreversible public disclosure.

**D.      Sealing Standard (Civil L.R. 79-5)**

Civil Local Rule 79-5 permits sealing upon a showing of "good cause" where specific, articulable harm would result from public disclosure. Courts require that requests for sealing be narrowly tailored and supported by compelling reasons that outweigh the public's general right of access.

Taken together, Rule 10(a), Ninth Circuit precedent, and Civil Local Rules 7-10 and 79-5 establish that the Court may authorize pseudonymity and related sealing where: 1. The plaintiff faces a real and non-speculative risk of serious harm; 2. The harm would occur at the moment of filing and cannot be undone; 3. The request is narrowly tailored to preserve anonymity without impairing the merits litigation; and 4. The opposing party suffers minimal or no prejudice, particularly where    identity is already known through non-public channels.

Accordingly, the Court has both inherent authority and explicit procedural basis to grant pre-filing pseudonym relief where necessary to prevent irreparable harm at the point of initial

EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM PRIOR TO FILING COMPLAINT

docketing.).

Sealing is appropriate because disclosure of Plaintiff's identity and identifying employment information would cause immediate and irreparable harm through permanent public dissemination of highly sensitive allegations before the Court can adjudicate the merits of anonymity. The requested relief is narrowly tailored to protect only identifying information while allowing the substantive allegations to proceed on the public record without impairment.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion prior to filing of the Complaint.

Dated: June 17, 2026                                HAULK & HERRERA, LLP


By: /s/ Matthew A. Haulk
         Matthew A. Haulk, Esq.
         Jose M. Herrera, Esq.
         Attorneys for Plaintiff

EX PARTE MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM PRIOR TO FILING COMPLAINT